[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE OBJECTION TO PLAINTIFF'S REQUEST FOR LEASE TO AMEND DOC. 114
The plaintiff moves to amend its complaint by adding two additional counts. This court takes a liberal view toward amendments as long as the move to amend is not dilatory causing undue delay, frivolous or does not create an entirely new unrelated cause of action.
The original complaint in this case is an action for re-assessment of damages arising out of a taking by the defendant pursuant to some provision authoring condemnation. Although the plaintiff alleges that the appropriate statutory authority to be Sec. 8-130 that section appears to deal with redevelopment agencies.
In any event this court would be prone to grant amendment if the amendment is one that in some way is connected to the taking. The taking consists of a parcel of land upon which a well is to be sunk and maintained for purposes of monitoring and detecting subsurface underground pollutants and an easement to pass and repass to and from that parcel of land over and through other land of the plaintiff. If the claim were that this well is collecting material and diffusing it into the surrounding land of the plaintiff, diminishing its value, use, this court would permit such amendment. However, that does not appear to be the case in the present case.
The plaintiff appears to be claiming that they have discovered, either by the fact of the tests conducted of the well's liquid or otherwise that other abounding land of the defendant has caused the plaintiff's remaining land to be contaminated by "hazardous wastes and/or pollutants — (which) — leach into sub-surface water — which flows through and under plaintiff's adjoining property." The second and third counts CT Page 7821 set out a cause of action based upon alleged facts that occurred and are occurring independently of and exclusive from the "taking" set out in Count I. The added second and third count sounds in trespass and the constitutional grounds of taking property without due compensation.
The second and third count certainly set out a cause of action involving the same land and the same parties. The problem arises in attempting to join such action with an action for reassessment of compensation for a taking which is an equitable action which has already been referred to a State Referees for hearing. The "Motion to Amend" attempts to joint actions that sounds in tort. The request to amend by adding the two counts adds a new cause of action. A new cause of action that should and would be heard by a judge and/or jury. To grant such an amendment would in effect deny the defendant the right to a jury trial on the disputed issue of law and fact that are alleged in the proposed amendment. Evin if the court were to allow such amendment the court would be required to order that the matter not proceed to hearing and or judgment without providing" the defendant — — — — -a reasonable opportunity to put the issue or issues, on which the new claim for relief is based, on the jury docket." CPB Sec. 180; C.G.S. Sec. 52-138.
Accordingly, the motion is denied.
J. Walsh, J.